# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| SAMDREKUS BESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  7:19-cv-01610-ACA-SGC |
| ) | |
| DUSTIN WARD, et al., ) | |
| ) | |
| Defendants ) | |

## ORDER

The defendants have filed a Special Report supported by affidavits and/or other documents, which the court will construe as a motion for summary judgment. (Doc. 15).  The plaintiff has **twenty-one (21) days** from the entry date of this Order to respond to the motion for summary judgment.  Thereafter, the undersigned will take the motion under advisement and enter a report and recommendation without further notice.

In preparing a response, the plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.  *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).  When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not counter it by depending upon the mere allegations in the pleadings.  The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific

facts demonstrating the existence of a genuine dispute of material fact to be litigated at trial.  If the party opposing the motion does not comply with Rule 56, the court may declare the facts in the affidavits and/or documents supporting the motion to be established as true and find no genuine dispute of material fact exists.  In that event, if the applicable law allows, the motion will be granted and summary judgment will be entered in favor of the movant.  A grant of summary judgment is a final adjudication on the merits.  For an explanation of Rule 56, see the attachment.

      The Clerk is **DIRECTED** to serve a copy of this Order and attachment on the plaintiff and on counsel for the defendants.

      **DONE** this 4th day of September, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

*United States District Court, Northern District of Alabama*
**RULE 56, FEDERAL RULES OF CIVIL PROCEDURE**
**Notice and Explanation**

*Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985)

**GENERAL DESCRIPTION**. The summary judgment procedure established in Rule 56 provides a means to dispose of some or all claims in a case *without a trial* if the material facts on which the claims are based are without genuine dispute, so that only questions of law are involved. Granting of summary judgment means that the merits of the claim are decided without a trial or other evidentiary hearing. In contrast, denial of summary judgment is not a decision on the merits, but merely means that the claim involves factual issues that cannot be decided without an evidentiary hearing. A motion for summary judgment that is denied may, however, be renewed at a later time if justified by the facts of the case.

**HOW REQUESTED**. A motion for summary judgment may be filed by a defendant at any time and may be filed by a plaintiff after the defendant has moved for summary judgment or after the suit has been pending for more than 20 days. The motion must be served on the adverse parties at least 10 days before the time it may be taken under submission by the court for a decision. In addition, the court may order that another pleading or motion be treated as a motion for summary judgment and be taken under submission for a decision after a minimum of 10 days.

**HOW SUPPORTED**. In showing what facts are not in genuine dispute, the moving party may rely upon the pleadings, depositions, answers to interrogatories, and admissions on file in the Clerk's office, together with any affidavits filed with its motion.

**HOW OPPOSED**. Ordinarily, the party against whom summary judgment is sought may not rely merely upon allegations and denials contained in its own pleadings to show that facts are in dispute. Rather, such party must show the specific facts asserted to be in genuine dispute on the basis of the pleadings of the moving party, depositions, answers to interrogatories, and admissions on file, together with any affidavits it may file in the Clerk's office prior to the date the motion is to be taken under submission (or such other date as the court may specify). Failure to respond timely to a motion for summary judgment may be taken as agreement that the facts asserted by the movant are true.

**AFFIDAVITS**. Affidavits supporting or opposing a motion for summary judgment must be served on adverse parties and filed in the Clerk's office (not attached to briefs) prior to the date the motion is to be taken under submission. Affidavits must either be notarized or be subscribed as true under penalty of perjury. Affidavits will be considered only with respect to facts as to which the person making the affidavit is shown to have personal knowledge and is otherwise competent as a witness, and which would be admissible in evidence at a trial. Sworn or certified copies of all papers referred to in any affidavit shall be attached to the affidavit. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

**SUBMISSION OF MOTION**. A motion for summary judgment will be "heard" - that is, submitted to the court for decision - at a date set by the court not less than 10 days after the motion is filed (exclusive of any intermediate Saturdays, Sundays, and federally recognized holidays). For cases scheduled on a motion docket, this date of hearing and submission is the date shown for the motion docket; for other cases, the court will by letter or order specify the date as of which the motion will be taken under submission. All materials supporting or opposing the motion must be filed and served prior to the date of submission unless some other date is specified by the court. In ruling on the motion, the court determines whether the materials submitted would, if presented at a jury trial, raise an issue not subject to a directed verdict under F.R.CIV.P. 50.

**ADDITIONAL TIME**. Any request for additional time to oppose a motion for summary judgment should be presented by affidavit showing the reasons why such extension of time is needed.

**CONSEQUENCES OF SUMMARY JUDGMENT**. If summary judgment is granted, the merits of that claim are decided *without a trial or other evidentiary hearing*; this decision becomes final and subject to appeal if it resolves all claims in the case or is entered as final under F.R.CIV.P. 54(b). Denial of summary judgment is not a decision on the merits of a claim, but merely means that an evidentiary hearing will be needed to decide some factual issues involved in the claim. In denying summary judgment, however, the court may direct that certain factual matters - although not dispositive of the entire claim - are not in genuine dispute and shall be taken as established without further evidence at the trial.

**SANCTIONS**. A party presenting an affidavit under Rule 56 in bad faith or solely for purpose of delay may be ordered to pay the adverse party reasonable expenses (including attorney's fees) caused thereby and may be adjudged guilty of contempt. In addition, the requirements and sanctions specified in F.R.CIV.P. 11 apply to motions and briefs filed in connection with Rule 56 motions.