# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SAMDREKUS BESTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:19-cv-01610-ACA-SGC |
| DUSTIN WARD, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by Samdrekus Bester, who is currently proceeding *pro se*. During a settlement conference held on January 6, 2022, the plaintiff made what the court construes as an oral renewed motion for appointment of counsel. So construed, the motion is granted to the extent that by this order the court will direct the Clerk to seek representation for the plaintiff from the court's Civil Pro Bono Panel.

Based on review of the record, the court has determined that appointment of counsel for the plaintiff is necessary, as this case involves exceptional circumstances. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (the appointment of counsel in a civil case is justified only in "exceptional circumstances, such as the presence of facts and legal issues [which]

are so novel or complex as to require the assistance of a trained practitioner.")); *German v. Broward County Sheriff's Office*, 315 F. App'x 773, 777 (11th Cir. 2009) (finding appointment of counsel necessary for plaintiff to effectively present his case).[1]

Pursuant to the Plan for Pro Bono Counsel for Qualified Unrepresented Parties in Civil Cases, effective November 18, 2016, this matter is referred to the Clerk for selection of counsel from the Panel. The Clerk shall randomly select an attorney from the Civil Pro Bono Panel and notify the attorney of his or her selection. Within fourteen (14) days of notification, the attorney shall either (1) enter a written notice of appearance or (2) notify the Clerk by letter of his or her declination in accordance with provisions of the plan. The plaintiff is **ADVISED** that publication of this Order does not guarantee he will receive appointed counsel. Appointment of counsel in a civil case is not a constitutional right, but rather a privilege. *Fowler*, 899 F.2d at 1096.

Unless the plaintiff and the attorney reach an agreement otherwise, the appointment of counsel pursuant to this order is only with respect to this action and for its remainder, and not with respect to any other matter or on any appeal from, remand of, or collateral action commenced in connection with this action after entry of final judgment in the case.

---

[1] Publication of this Order is not an affirmation of the validity of the plaintiff's case.

**DONE** this 25th day of January, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE